

DA 12-0583

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 17N

STATE OF MONTANA,

        Plaintiff and Appellee,

v.

MICHAEL ANDREW JOHNSTON,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 96-12127
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Wade Zolynski, Chief Appellate Defender; Helena, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, Mardell Ployhar, Assistant
Attorney General; Helena, Montana

            Fred R. Van Valkenburg, Missoula County Attorney, Patricia Bower, Deputy
County Attorney; Missoula, Montana

Submitted on Briefs:  January 2, 2014
Decided:  January 21, 2014

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Michael Andrew Johnston (Johnston) pled guilty to two counts of robbery, one count of theft, and one count of burglary in 1996. The court sentenced Johnston to 40 years in the Montana State Prison (MSP) with 20 years suspended on the robbery counts, 10 years for the use of a weapon, and additional concurrent sentences. Johnston was entitled to 87 days of credit for time he served prior to sentencing. Johnston later completed the Treasure State Correctional Training Center Program (boot camp), and the court reduced Johnston's sentence to 20 years with all time suspended.

¶3 Johnston was released in 1999, but the State filed a petition to revoke his suspended sentence on March 20, 2012 after he was arrested on two driving under the influence charges. Johnston moved to dismiss the petition as untimely, which the court denied. The court revoked Johnston's suspended sentence and committed him to the Department of Corrections for five years.

¶4 Johnston's appeal argues that the State's petition to revoke was untimely. Johnston contends that his original sentence began on October 1, 1996, and that his suspended sentence should have expired on September 18, 2010.

¶5 In criminal cases, we review a denial of a motion to dismiss de novo. *State v. Wagner*, 2013 MT 47, ¶ 14, 369 Mont. 139, 296 P.3d 1142. The law in effect at the time of

2

an offense generally controls the possible sentence and revocation of the sentence. *State v. Tirey*, 2010 MT 283, ¶ 26, 358 Mont. 510, 247 P.3d 701. Where a defendant has served any portion of his sentence under a commitment based upon a judgment that is subsequently modified during the term of imprisonment, such time shall be credited. Section 46-18-402, MCA (1995). Petitions for revocation must be filed with the sentencing court during the period of suspension or deferral. Section 46-18-203(2), MCA (1995).

¶6 Johnston incorrectly believes that he began serving his sentence on October 1, 1996. Because he was given credit for 87 days of time served before sentencing, the records department subtracted those days from October 1, 1996, resulting in a commencement date of July 6, 1996. In 1999, Johnston's sentence was reduced by the court to a twenty-year suspended sentence, pursuant to § 53-30-401, MCA (1995). Johnston served 1160 days between his sentence commencement and his discharge to probation on September 8, 1999. He was given good time credit for all of those days except 120 days spent in boot camp, resulting in 1040 days of good time. In total, Johnston served 2200 days of his sentence before his discharge to probation.

¶7 Since Johnston's original total sentence was 7300 days, the staff at the Department of Corrections subtracted 2200 days and left a remaining 5100 days to be served on probation. To determine when Johnston's suspended sentence would be completed, 5100 days is added to September 8, 1999, the date of his release to probation. That results in a date of August 25, 2013, the same date calculated by the records technician at the Department of Corrections. The State's petition to revoke in 2012, therefore, was timely.

3

¶8      Johnston would have us apply the remaining 5100 days to his original sentencing date of October 1, 1996. But Johnston has already received credit for that time served. Since 5100 days already takes his time served into account, applying it to his original sentencing date would double his credit for time served. Johnston's suspended sentence was properly calculated by adding his remaining time to September 8, 1999.

¶9      The District Court's decision correctly applied well-settled Montana law. We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our Internal Operating Rules, which provides for noncitable memorandum opinions. Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ LAURIE McKINNON